**EDWARD M. BRENNAN, ESQUIRE**
Attorney-at-Law
101 South Centre Street - Suite 2
P.O. Box 930
Pottsville, PA 17901
(570) 628-2461

**FILED**
**SCRANTON**

NOV – 4 2002

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA Per

HELEN A. GOWNLEY,             : No.
                    Plaintiff

**3: CV  02  2001**

     vs.                           :
                            :
FORREST SHADLE, Individually and in his    :
official capacity as County Commissioner; and   :
the COUNTY OF SCHUYLKILL          :
             Defendants        : **JURY TRIAL DEMANDED**

## COMPLAINT

### NATURE OF THE ACTION

Plaintiff, Helen A. Gownley, brings this action under the Fourteenth Amendment of the

Constitution of the United States; the Civil Rights Act of 1871, 42 U.S.C. § 1983; Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; and the Pennsylvania Constitution.

### JURISDICTION AND VENUE

1.      Jurisdiction in this Court is invoked pursuant to 42 U.S.C § 1983; 28 U.S.C.

§§ 1331, 1343; 42 U.S.C. § 2000e-(f); and 28 U.S.C. § 1367.

2.      Venue is proper in the Middle District of Pennsylvania since the cause of action

alleged in this Complaint occurred in Schuylkill County of said district.

**PARTIES**

3.      Plaintiff, Helen A. Gownley, is an adult individual residing at 208 Main Street,

Mahanoy Plane, Schuylkill County, Pennsylvania.

4.      Defendant, County of Schuylkill, is a municipal corporation organizing and

existing under the laws of the State of Pennsylvania and is a person defined under Section 42

U.S.C. § 1983.

5.      Forrest Shadle is an adult individual and at all times relevant to this Complaint

was an elected County Commissioner with the County of Schuylkill.

**FACTS**

6.      Plaintiff was first employed by Defendant, County of Schuylkill, as a secretary in

1979.  For the past fifteen (15) years, Plaintiff had been an Administrative Assistant in the

County Administrator's suite of offices.

7.      The members of the Schuylkill County Board of Commissioners are the policy-

making officials responsible for establishing employment policies and practices, or the

delegation thereof, of Defendant Schuylkill County.

8.      In 1980, the U.S. Equal Employment Opportunity Commission promulgated

guidelines on discrimination resulting from a hostile work environment based on sex.  (See 29

C.F.R. § 1604.11.)

9.      Defendants had actual and/or constructive knowledge of these EEOC Guidelines.

10.     Defendant, County of Schuylkill, dating back to the early 1980's, was aware of

high-ranking officials committing acts of sexual harassment and, through its actions and

2

inactions, established a policy of protecting the accused officials and taking any and all steps to avoid publicity for the majority Commissioners.

11.     In the early 1990's, Defendant, County of Schuylkill, and prior Commissioners were advised of the discriminatory environment at Schuylkill County when claims were made by female prison guards under Title VII.

12.     Defendant, County of Schuylkill, again received actual notice on or before July 6, 1994, of a discriminatory environment within Schuylkill County government when apprised of the EEOC charges being filed.

13.     Defendant, County of Schuylkill, failed to adopt a policy banning sexual harassment until August 1994.

14.     Defendant, County of Schuylkill, and its appointed and elected officers maintained a custom, habit and routine of failing to address claims of sexual harassment. These officers and appointees actively discouraged victims from pursuing these cases. The said officials and appointed officers made every effort to keep allegations of sexual harassment from being made public in order to avoid political repercussions.

15.     Sometime late in 1997, Defendant, Forrest Shadle, slapped Plaintiff on her buttocks with a file folder. Plaintiff duly reported this incident to Barry Janov, then County Administrator. Although Mr. Janov advised Commissioner Shadle to cease this type of conduct, no official action was taken by Defendant, County of Schuylkill.

16.     In the beginning of 1998, Defendant, Forrest Shadle, touched and tapped Plaintiff's shoulders. Again, Plaintiff reported this incident to Mr. Janov with no official action being taken by Defendant, County of Schuylkill.

17. In 1998, Defendant, Forrest Shadle, pinched Plaintiff's sides and kissed the side of her face. In the summer of 1997, he gave Plaintiff a pair of panties as a present which were gift-wrapped. Defendant, Forrest Shadle, gave a similar present to two (2) other females working in the Commissioners' office. These incidents were again reported to Mr. Janov with no official action being taken by Defendant, County of Schuylkill.

18. Immediately after the 1998 incidents, Defendant, Forrest Shadle, and Defendant, County of Schuylkill, through its appointed and other elected officials, were concerned about the upcoming municipal election in November of 1999 and the effect that any sexual harassment charges would have if these allegations became public. Accordingly, appointed and elected officials and Defendant, County of Schuylkill, actively discouraged Plaintiff and others from pursuing claims by indicating that these matters would be corrected.

19. On or about November 12, 1999, immediately following the 1999 County election, Defendant, Forrest Shadle, again attempted to massage the shoulders of Plaintiff.

20. On or about December 10, 1999, Defendant, Forrest Shadle, slapped Plaintiff on the buttocks as she was copying material at the copy machine. When Plaintiff protested that "this wasn't right", Defendant, Forrest Shadle, simply commented, "no pun intended" and walked away. These latest incidents in 1999 were reported to Kathy Setlock, Secretary to the Human Resources Director, and Robert Schaeffer, Administrator, with no substantive action being taken by Defendant, County of Schuylkill.

21. Immediately after the 1999 incidents, Defendant, Forrest Shadle, and Defendant, County of Schuylkill, through its other appointed and elected officials, again actively discouraged Plaintiff from pursuing a sexual harassment claim.

4

22.     Plaintiff believes and therefore avers that representatives of Schuylkill County attempted to mislead her into believing something would occur so that she would not file a timely complaint with the Human Relations Commission or with the Federal Equal Employment Opportunity Commission.

23.     After Defendant, Forrest Shadle, and his running mate were reelected, thus maintaining control of the County government for their particular party, Defendants, individually and through their appointed representatives, continued to fail to address Plaintiff's concerns and complaints of sexual harassment.  In fact, Plaintiff believes and therefore avers, that after the election results were final, Defendants had no interest whatsoever in resolving Plaintiff's claims of ongoing sexual harassment and were misleading Plaintiff to cause her to miss the 180-day deadline for filing administrative claims.

24.     Throughout 2000 and 2001, Plaintiff attempted to pursue the administrative procedures set forth in the state and federal statutes.  Defendant, County of Schuylkill, refused to meet with the Pennsylvania Human Relations Commission to discuss same and actively discouraged and misled Plaintiff in an attempt to prevent Plaintiff and others from pursuing claims.

25.     The only method Defendant, County of Schuylkill, offered to correct the ongoing sexual harassment was to move Plaintiff's desk to another room.  This was  inadequate due to the fact that Defendant, Forrest Shadle, had access throughout the Courthouse.  Defendant, County of Schuylkill, by and through its appointed and elected officials, continued to refuse to publicly admonish Commissioner Shadle or to do anything which would substantively address ongoing complaints of sexual harassment.

5

26.     The only other option given to Plaintiff by Defendant, County of Schuylkill, was to take a lesser paying job at a different location in order to avoid the ongoing sexual harassment by Commissioner Shadle.  Nothing was done to address the actions of Defendant, Forrest Shadle, as it relates to sexual harassment to Plaintiff and other Courthouse employees.

27.     From May 20, 2000, until her forced retirement on or about January 10, 2001, Plaintiff was under a doctor's care for emotional distress and was exercising medical leave.  The actions of Defendants made it difficult for Plaintiff to do her job because of the humiliation she had suffered.

28.     On or about January 10, 2001, Plaintiff was forced to retire and was constructively dismissed because she was unable to return to her normal job due to the hostile work environment and Defendant Forrest Shadle's ongoing sexual harassment and the manner in which her complaints were handled by Defendants.

29.     After Plaintiff advised the County that she would be retiring, her health insurance coverage was terminated as of February 15, 2001, in violation of her retirement plan with the County.

30.     Eventually, the County reinstated Plaintiff's health insurance but only after Plaintiff had to pay out of her pocket several hundred dollars for the coverage during the interim.

31.     By letter dated September 10, 2002, Plaintiff was advised by the Federal Equal Employment Opportunity Commission that she had the right to sue in accordance with the Federal Statutes and Guidelines.  Attached as Exhibit "A" is a true and correct copy of that letter.

32.     Attached as Exhibit "B" is a note dated December 10, 1999, where Defendant, Forrest Shadle, acknowledged sexual harassment of the Plaintiff and apologized for same.

## COUNT I

### TITLE VII

**Helen A. Gownley vs. Forrest Shadle, Individually and in his
official capacity as County Commissioner and
the County of Schuylkill**

33.      The allegations contained in Paragraphs 1 through 32 are incorporated herein as though fully set forth herein.

34.      Title VII of the above-captioned statute prohibits discriminatory treatment on the basis of sex in employment, including discriminatory and hostile work environments.

35.      Defendants are liable to Plaintiff under Title VII because of the hostile, discriminatory and abusive work environment which existed in the Commissioners' office during the times cited above.

36.      Defendant, County of Schuylkill, despite knowledge of ongoing complaints concerning Defendant, Forrest Shadle and other employees, acquiesced in the sexual harassment and discrimination by its habit, custom and routine of dealing with same.  Further, Defendant, Forrest Shadle, and other elected and appointed officers of Defendant, County of Schuylkill, were more concerned about a political fallout during an election year than they were about the health and well-being of Plaintiff, Helen A. Gownley.

37.      Plaintiff hereby demands a jury trial pursuant to F.R.C.P. Rule 38.

## COUNT II

### DENIAL OF EQUAL PROTECTION IN VIOLATION OF
### THE FOURTEENTH AMENDMENT OF THE CONSTITUTION
### OF THE UNITED STATES AND THE CIVIL RIGHTS ACT OF 1871
### (42 U.S.C. § 1983)

**Helen A. Gownley vs. Forrest Shadle, Individually and in his
official capacity as County Commissioner and
the County of Schuylkill**

38.     The allegations contained in Paragraphs 1 through 37 are incorporated herein as though fully set forth herein.

39.     Pendent jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367.

40.     The conduct of Schuylkill County violated 42 U.S.C. § 1983 in that:

    a.     The County failed to provide Plaintiff with employment conditions and relationships ensuring a safe workplace, free from physical and verbal sexual harassment.

    b.     The County failed to respond promptly to Plaintiff's complaints of sexual harassment.

    c.     The County failed to investigate thoroughly and in a timely manner Plaintiff's complaints of sexual harassment.

    d.     The County failed to reprimand or otherwise publicly chastise or discipline Defendant, Forrest Shadle, and other appointed or elected officials who either perpetrated, acquiesced in, or ignored the sexual harassment.

    e.     The County failed to adequately disseminate an anti-sexual harassment policy to the Commissioners, thereby exhibiting deliberate indifference to Plaintiff's federally protected rights.

41.     Defendants' conduct has denied and will continue to deny Plaintiff equal protection and civil rights guaranteed by the Constitution of the United States.

42.     Plaintiff is a protected class in that she is a female.

8

43.     Plaintiff suffered an adverse employment action in that she was forced to retire or was constructively discharged.

44.     Non-members of the protected class are treated more favorably in that men are routinely protected from allegations of sexual harassment by the habit, custom and routine of Defendants, County of Schuylkill and Forrest Shadle.

45.     Defendant, Forrest Shadle, is a decision maker possessing full authority to establish a policy.  Further, Defendant, Forrest Shadle, by his actions, violated Plaintiff's civil rights and right to equal protection under the Constitution of the United States

46.     Defendant, County of Schuylkill, has grossly failed to train its appointed and elected officers in the fundamental laws of sexual harassment.

47.     Despite repeated complaints to immediate supervisors and other Commissioners, Defendant, County of Schuylkill, took no steps to adequately investigate these complaints and indicated, directly and indirectly, to Commissioner Shadle that no adverse public action would be taken.

48.     Defendant, Forrest Shadle, in the course of his employment and his duty as a County Commissioner, acted under the color of state law, maliciously and purposely sexually harassed Plaintiff in violation of her rights.  The unwillingness of Defendant, County of Schuylkill, to exercise any direction or admonishment over Defendant, Forrest Shadle, and other men accused of sexual harassment have created a habit, custom and routine of the County allowing high-elected and appointed officials to engage in this activity without fear of reprisal.

49.     Defendants' conduct as alleged in this Complaint, was done maliciously and in such a manner as to justify an award of punitive damages.

50.     Plaintiff hereby demands a jury trail pursuant to F.R.C.P. Rule 38.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**Helen A. Gownley vs. Forrest Shadle, Individually and
in his official capacity as County Commissioner and
The County of Schuylkill**

51.     The allegations contained in Paragraphs 1 through 50 are incorporated herein as though fully set forth herein.

52.     Pendent jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367.

53.     Defendant, Forrest Shadle, intentionally harassed Plaintiff and caused harm to her.

54.     The outrageous and extreme conduct of Defendant, Forrest Shadle, intentionally and recklessly caused Plaintiff severe emotional distress.

55.     Plaintiff hereby demands a jury trail pursuant to F.R.C.P. Rule 38.

## COUNT IV

### PENNSYLVANIA CONSTITUTION, ARTICLE I, § 26

**Helen A. Gownley vs. Forrest Shadle, Individually and
in his official capacity as County Commissioner and
The County of Schuylkill**

56.     The allegations contained in Paragraphs 1 through 55 are incorporated herein as though fully set forth herein.

57.     Pendent jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367.

58.     Article I, § 26 of the Pennsylvania Constitution provides:  "Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right."

10

59.    Defendants, Forrest Shadle and County of Schuylkill, violated the Pennsylvania Constitution in that:

a.    Defendants failed to provide Plaintiff with employment conditions and relationships ensuring a safe workplace, free from physical and verbal sexual harassment.

b.    Defendants failed to respond promptly to Plaintiff's complaints of sexual harassment.

c.    Defendants failed to investigate thoroughly and in a timely manner Plaintiff's complaints of sexual harassment.

d.    Defendants failed to discharge, suspend, reprimand, or otherwise discipline male workers and supervisors, elected or appointed officials, who either perpetrated, acquiesced in, or ignored the sexual harassment.

e.    Defendants failed to disseminate an anti-sexual harassment policy to Commissioners thereby exhibiting a deliberate indifference to Plaintiff's federally protected rights.

60.    Defendants' conduct has denied and will continue to deny Plaintiff the freedom from discrimination guaranteed by Article I, § 26 of the Pennsylvania Constitution.

61.    Defendants are liable to Plaintiff for the deprivation of state constitutional rights she has suffered and continues to suffer from working in the sexually discriminatory and hostile environment at the Commissioners' office.

62.    Plaintiff hereby demands a jury trail pursuant to F.R.C.P. Rule 38.

## COUNT V

## PENNSYLVANIA EQUAL RIGHTS AMENDMENT

**Helen A. Gownley vs. Forrest Shadle, Individually and in his
official capacity as County Commissioner and
the County of Schuylkill**

63.    The allegations contained in Paragraphs 1 through 62 are incorporated herein as though fully set forth herein.

11

64.    Pendent jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367.

65.    The Equal Rights Amendment ("ERA") of the Pennsylvania Constitution, Article

I, § 28, provides: "Equality of rights under the law shall not be denied or abridged in the

Commonwealth of Pennsylvania because of the sex of the individual."

66.    Defendants have violated the ERA in that:

   a.    Even after receiving actual notice of Plaintiff's claims, they failed to
         provide Plaintiff with employment conditions and relationships ensuring a
         safe workplace, free from physical and verbal sexual harassment.

   b.    Even after receiving actual notice of Plaintiff's claims, they failed to
         respond promptly to Plaintiff's complaints of sexual harassment.

   c.    Even after receiving actual notice of Plaintiff's claims, they failed to
         investigate thoroughly and in a timely manner Plaintiff's complaints of
         sexual harassment.

   d.    They failed to discharge, suspend, reprimand, or otherwise discipline male
         workers' and supervisors, elected or appointed officials, who either
         perpetrated, acquiesced in, or ignored the sexual harassment.

   e.    They failed to disseminate an anti-sexual harassment policy to
         Commissioners, thereby exhibiting deliberate indifference to Plaintiff's
         federally protected rights.

## PLAINTIFF'S DAMAGES

67.    Plaintiff had to undergo medical treatment for the emotional distress, you know

the usual language, expend certain sums to pay for the emotional distress caused by Defendants.

68.    Just put the loss of earning capacity and that Plaintiff was forced to retire earlier

than she had planned.  At the time of her retirement, she was approximately fifty-four (54) years

old and had served with the County for almost two (2) decades.

69.    Because Plaintiff was constructively dismissed or forced to retire she was unable

to make further contributions to the Social Security system and to the pension fund.

70.     The decrease in earning capacity as well as the decrease in benefits amount to over $575,000.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

(1)     Award judgment to Plaintiff for her damages to be proven at trial;

(2)     Award Plaintiff her reasonable attorneys' fees and costs;

(3)     Award such other relief as the Court deems just and proper.

(4)     Enter an Order awarding punitive damages and attorney's fees and costs to Plaintiff.

Date: __11/1/02__

Edward M. Brennan, Esquire
Attorney I.D. No. 38770
Attorney for Plaintiff

13





U.S. Departm(    : of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS


received
9/13/02

CERTIFIED MAIL
3505 3168

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

Ms. Helen A. Gownley
c/o Edward M. Brennan, Esquire
Law Office of Edward M. Brennan
Attorney at Law
P.O. Box 930
Pottsville, PA  17901

September 10, 2002

Re:  EEOC Charge Against County of Schuylkill, et al.
     No. 17FA02704

Dear Ms. Gownley:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Ralph F. Boyd, Jr.
Assistant Attorney General
Civil Rights Division

by   *Karen L. Ferguson*

Karen L. Ferguson
Civil Rights Analyst
Employment Litigation Section

cc:  Philadelphia District Office, EEOC
     County of Schuylkill, et al.

ALL STATE LEGAL SUPPLY CO. ONE COMMERCE DRIVE, CRANFORD, NEW JERSEY 07016    (2)    ED11





Forrest L. Shadle

12-10-89.

Dear Helen -

I'm very sorry for my inappropriate actions this afternoon.

It was an act during one of my silly moods, with absolutely no intent of malice or advancement.

After the spontaneous slap, I realized I was totally out of order, and ask for your forgiveness.

Sincerely
Forest

## VERIFICATION

I, **HELEN A. GOWNLEY,** do hereby certify that the statements made in the foregoing

Complaint are true and correct to the best of my knowledge and belief.  I understand that false

statements herein are made subject to the penalties of 18 Pa.C.S.A. Section 4904, relating to

unsworn falsification to authorities.


Date:  11/1/02                                      *Helen A. Gownley*

                                                                    **HELEN A. GOWNLEY**