UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN A. GOWNLEY | Civil Action No. 3:CV 02 2001 |
| Plaintiff, | |
| v. | |
| | JURY TRIAL DEMANDED |
| FORREST SHADLE, Individually and in his official capacity as County Commissioner; and the COUNTY OF SCHUYLKILL, | |
| Defendants. | |

FILED
HARRISBURG, PA

JAN 0 7 2003

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT COUNTY OF SCHUYLKILL TO PLAINTIFF'S COMPLAINT

Pursuant to Fed. R. Civ. P. 7, Defendant County of Schuylkill ("Defendant" or "County") hereby answer the Complaint of Plaintiff as follows, denying each and every averment thereof except as expressly admitted by the following:

1. Defendant admits only that Plaintiff asserts claims under 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1343; 42 U.S.C. § 2000e-(f); and 28 U.S.C. § 1367 as that jurisdiction properly lies with this Court. The remaining averments of paragraph 1 of the Complaint are denied.

2. Defendant admits only that venue lies with the Middle District of Pennsylvania. The remaining averments of paragraph 2 are denied.

## PARTIES

3. Defendant admits only that Helen A. Gownley is an adult individual. The remaining allegations contained in paragraph 3 of the Complaint, and therefore these averments are denied.

4. Defendant admits only that it is a municipal corporation organizing and existing under the laws of the Commonwealth of Pennsylvania. The remaining averments contained in paragraph 4 of the Complaint are denied.

5. Admitted.

## FACTS

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied.

11. Defendant admits only that certain female prison guards asserted claims under Title VII. Defendants denies the remaining averments contained in paragraph 11 of the Complaint. To the contrary, there was and is no "discriminatory environment" at Schuykill County.

12. Defendant admits only that on or about July 6, 1994, it learned that an EEOC Charge was being filed. Defendant denies the remaining averments contained in paragraph 12 of the Complaint. To the contrary, there was and is no "discriminatory environment" within Schuykill County.

13. Defendant admits only that it adopted a written policy regarding sexual harassment in 1994. Defendants deny the remaining averments contained in paragraph 13 of the Complaint. To the contrary, Defendant has always prohibited sexual harassment.

14. Denied.

15. Defendant admits only that County employee Barry Janov received a report from Plaintiff that Defendant Forest Shadle slapped her on the buttocks. It is further admitted that County Administrator Barry Janov confronted County Commissioner Forrest Shadle and informed him that if he in fact performed the incident as complained of by Plaintiff, he should immediately cease such conduct. Furthermore, Schuylkill County does not have anyone who was a witness to this incident as reported by Plaintiff and only has Plaintiff's allegation thereof. Therefore Schuylkill County has no direct knowledge as to the actual happening of the alleged incident as reported by Plaintiff. Defendant denies the remaining averments contained in paragraph 15 of the Complaint.

16. Denied.

17. Defendant admits only that Plaintiff reported to Mr. Janov that Mr. Shadle gave her and two other female employees a gift-wrapped pair of panties. Defendant denies the remaining averments contained in paragraph 17 of the Complaint.

18. Denied.

19. Denied.

20. Defendant admits only that Kathy Setlock and Robert Schaffer received a report from Plaintiff that Mr. Shadle slapped Plaintiff on the buttocks as she was copying materials at a copy machine. It is further admitted that County Administrator Robert Shaffer confront County Commissioner Forrest Shadle and informed Shadle that if such incident occurred, it was

inappropriate and should cease immediately. Neither Kathy Setlock nor County Administrator Robert Shaffer witnessed the incident, and thus Schuylkill County has no direct knowledge as to the actual happenings of the alleged incident as report by Plaintiff. Defendant denies the remaining averments contained in paragraph 20 of the Complaint.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Defendant admits only that as an accommodation, it offered to relocate Plaintiff's desk. The remaining averments contained in paragraph 25 of the Complaint are denied.

26. Defendant admits only that as an accommodation, it offered Plaintiff a job in an alternative location. The remaining averments contained in paragraph 26 of the Complaint are denied.

27. Defendant is without information sufficient to form an opinion or belief as to the truth of the averments contained in paragraph 27, and therefore, same are denied.

28. Denied.

29. Defendant admits only that in compliance with County policies, and because Plaintiff failed to return to work after her leave time expired, Plaintiff's health insurance coverage was terminated as of February 15, 2001. The remaining averments contained in paragraph 29 of the Complaint are denied.

30. Defendant admits only that it reinstated Plaintiff's health insurance coverage, despite the fact that Plaintiff was not owed any coverage. The remaining averments contained in paragraph 30 of the Complaint are denied.

869369v1

31. Admitted.

32. Defendant admits only that Mr. Shadle apologized for an "inappropriate action." Defendant denies the remaining averments contained in paragraph 32 of the Complaint.

## COUNT I
## TITLE VII

**Helen A. Gownley vs. Forest Shadle, Individually and in his official capacity as County Commissioner and the County of Schuylkill**

33. Defendants incorporate herein by reference their answers to paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. Admitted.

35. Denied.

36. Denied.

37. Defendant admits only that Plaintiff demands a jury trial.

## COUNT II
## DENIAL OF EQUAL PROTECTION IN VIOLATION OF THE FOURTEENTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES AND THE CIVIL RIGHTS ACT OF 1871 (42 U.S.C. § 1983)

**Helen A. Gownley vs. Forest Shadle, Individually and in his official capacity as County Commissioner and the County of Schuylkill**

38. Defendants incorporate herein by reference their answers to paragraphs 1 through 37 of the Complaint as though fully set forth herein.

39. Defendant denies the averment contained in paragraph 39 of the Complaint as a conclusion of law to which no response is required. To the extent a response is deemed necessary, the averment is denied.

40. a. – e.    Denied.

41.    Denied.

42.    Admitted.

43.    Denied.

44.    Denied.

45.    Defendant admits only that Forrest Shadle is a decision-maker. Defendant denies the remaining averments contained in paragraph 45 of the Complaint.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Defendant admits only that Plaintiff demands a jury trial.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Helen A. Gownley vs. Forest Shadle, Individually and in his official capacity as County Commissioner and the County of Schuylkill

51.    Defendants incorporate herein by reference their answers to paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52.    Defendant denies the averment contained in paragraph 52 of the Complaint as a conclusion of law to which no response is required. To the extent a response is deemed necessary, the averment is denied.

53.    Denied.

54.    Denied.

869369v1

55. Defendant admits only that Plaintiff demands a jury trial.

## COUNT IV
## PENNSYLVANIA CONSTITUTION, ARTICLE I, § 26

**Helen A. Gownley vs. Forest Shadle, Individually and in his official capacity as County Commissioner and the County of Schuylkill**

56. Defendants incorporate herein by reference their answers to paragraphs 1 through 55 of the Complaint as though fully set forth herein.

57. Defendant denies the averment contained in paragraph 57 of the Complaint as a conclusion of law to which no response is required. To the extent a response is deemed necessary, the averment is denied.

58. Admitted.

59. a. – e.   Denied.

60. Denied.

61. Denied.

62. Defendant admits only that Plaintiff demands a jury trial.

## COUNT V
## PENNSYLVANIA EQUAL RIGHTS AMENDMENT

**Helen A. Gownley vs. Forest Shadle, Individually and in his official capacity as County Commissioner and the County of Schuylkill**

63. Defendants incorporate herein by reference their answers to paragraphs 1 through 62 of the Complaint as though fully set forth herein.

869369v1

64. Defendant denies the averment contained in paragraph 64 of the Complaint as a conclusion of law to which no response is required. To the extent a response is deemed necessary, the averment is denied.

65. Admitted.

66. a. – e. Denied.

## PLAINTIFF'S ALLEGED DAMAGES

67.-70. Denied.

WHEREFORE, Defendant County of Schuylkill respectfully request that the Court enter judgment in its favor and against Plaintiff, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Defendant has not yet obtained adequate discovery from Plaintiff or from third parties in connection with this action, and Defendant reserves the right to amend or otherwise supplement this pleading on that basis. Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in their Answer, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to set forth a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and for legitimate reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's actions or inactions were not the proximate, legal, or substantial cause of any damages, injury or loss suffered by Plaintiff, the existence of which is denied.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is unconstitutional.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the provisions of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8521, et seq.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged conduct was not severe, outrageous, or pervasive.

869369v1

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she has not engaged in any protected activity.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she has no medical evidence of alleged injuries resulting from Defendant's conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because her complaint was not timely filed after dismissal of their agency proceedings.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she has no entitlement to punitive damages under Title VII.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged conduct was welcome by her and not a violation of any law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged discriminatory, harassing or retaliatory conduct occurred more than 300 days prior to the filing of her agency complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

All actions taken by the answering Defendant were legitimate and nondiscriminatory and unrelated to Plaintiff's sex or any alleged protected activity undertaken by Plaintiff.

869369v1

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the answering Defendant never acted in a willful, wanton, reckless or malicious manner.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant never acted with any improper, discriminatory or retaliatory motive or animus.

## TWENTIETH AFFIRMATIVE DEFENSE

At all times material hereto, the penalties and policies of the Defendant protected and granted the rights of all persons including Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's rights were not violated.

869369v1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant County of Schuylkill cannot be held liable for the actions of elected officials.

WHEREFORE, Defendant County of Schuylkill respectfully requests that this Court enter judgment in its favor and against Plaintiff, together with costs, disbursements, attorneys' fees and any further relief deemed appropriate by this Court.

Respectfully submitted,

*/s/ David J. MacMain*
David J. MacMain (Atty. ID No. 59320)
MONTGOMERY McCRACKEN
 WALKER & RHOADS
123 South Broad Street
Philadelphia, PA 19109
215-772-1500

Attorneys for Defendant,
County of Schuylkill

869369v1

# CERTIFICATE OF SERVICE

I, L. Kristen Blanchard, hereby certify that on this (9th day of January, 2003, I caused a true and correct copy of the foregoing **Answer and Affirmative Defenses of Defendant County of Schuylkill to Plaintiff's First Amended Complaint** to be served via First Class United States mail, postage prepaid upon the following:

Edward M. Brennan, Esquire
101 South Centre Street – Suite 2
P.O. Box 930
Pottsville, PA 17901

*Attorney for Plaintiff*

Hugh J. Hutchinson, Esquire
Leonard Tillery & Sciolla, LLP
1515 Market Street – Suite 1800
Philadelphia, PA 19102

*Attorneys for Defendant,
Forest Shadle*

L. Kristen Blanchard

869369v1