UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
MAR 2 6 2003
PER _____
DEPUTY CLERK

HELEN A. GOWNLEY
        Plaintiff(s)

vs.

FORREST SHADLE, Individually and in
his official capacity as County
Commissioner; and the COUNTY OF
SCHUYLKILL

        Defendant(s)

NO: 3:-cv-02 2001

JURY TRIAL DEMANDED

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT FORREST SHADLE TO PLAINTIFF'S COMPLAINT

Defendant Forrest Shadle, by and through his counsel Leonard, Tillery and Sciolla, LLP, hereby responds to the allegations contained in Plaintiff's Complaint as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted and denied. It is admitted only that Defendant, Forrest Shadle is, and has been, a County Commissioner of Schuylkill County since January 1, 1996.

6. Admitted and denied. It is admitted only that Plaintiff was employed by Defendant County of Schuylkill in 1979 and that she subsequently was an Administrative Assistant in the Count Administrator's office. It is denied that Plaintiff was an employee of Defendant Schuylkill County at the time that the Complaint was filed.

7. Admitted.

8. Admitted.

9. Admitted.

10. Denied. The allegations contained in Paragraph 10 are directed to Defendants other than answering Defendant and the same are hereby denied.

11. Denied. The allegations contained in Paragraph 11 are directed to Defendants other than answering Defendant and the same are hereby denied.

12. Denied. The allegations contained in Paragraph 12 are directed to Defendants other than answering Defendant and the same are hereby denied.

13. The allegations contained in paragraph 13 are directed to Defendants other than answering Defendant and the same are hereby denied.

14. The allegations contained in paragraph 14 are directed to Defendants other than answering Defendant and the same are hereby denied.

15. Denied.

16. Denied.

17. Admitted and denied. It is admitted only that in the summer of 1997, Defendant Forrest Shadle upon returning from vacation gave Plaintiff and two other female employees' gift-wrapped panties as a joke. It is further admitted that no person or party reported any offense to Defendant's gesture. The remaining allegations are denied.

18. Denied.

19. Denied.

20. Admitted only that on or about December 10, 1999, Defendant Forrest Shadle, in a spontaneous gesture, tapped Plaintiff's buttocks with a file folder as he passed by her. Defendant Forrest Shadle subsequently acknowledged in writing that, although not intended to be offensive,

the conduct was inappropriate and warranted an apology. Further, as a result of the incident, Defendant Shadle received a letter of reprimand and participated in appropriate counseling. The remaining allegations are denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Admitted only that the County reinstated Plaintiff's health insurance coverage although it was without any obligation to do so.

31. Admitted.

32. Admitted and denied. It is admitted only that Exhibit "B" is a true and correct copy of a note dated December 10, 1999, authored by Defendant Shadle. The remaining allegations contained in Paragraph 32 are denied.

## COUNT I

33. Paragraphs 33 through 37 inclusive. Count I has been dismissed as to Defendant Shadle by stipulation of the parties and therefore no response is required.

## COUNT II
## Denial of Equal Protection In Violation Of
## The 14th Amendment of The Constitution of The
## United States And The Civil Rights Act Of 1871

38. Admitted and denied. The allegations contained in Paragraph 38 are admitted or denied for the reasons set forth in response to the allegations contained in Paragraphs 1 through 37 which are incorporated herein by reference.

39. Denied.

40. Denied. The allegations contained in Paragraph 40 are directed to Defendants other than answering Defendant and the same are hereby denied.

41. Denied.

42. Admitted.

43. Denied.

44. Denied.

45. Admitted and denied. It is admitted only that Defendant Forrest Shadle is and was a County Commissioner with the authority commensurate with that at certain times material hereto, position. The remaining allegations contained in Paragraph 45 are denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT III
## Intentional Infliction of Emotional Distress

51. Admitted and denied. The allegations contained in Paragraph 51 are admitted or denied for the reasons set forth in response to the allegations contained in Paragraphs 1 through 50 which are incorporated herein by reference.

52. Admitted.

53. Denied.

54. Denied.

55. Denied.

## COUNT IV
## Pennsylvania Constitution Article I Section 26

56. Paragraphs 56 through 62 inclusive Count IV has been dismissed as to Defendant Shadle by stipulation of the parties and therefore no response is required

## COUNT V
## Pennsylvania Equal Rights Amendment

63. Admitted and denied. The allegations contained in Paragraph 63 are admitted or denied for the reasons set forth in response to the allegations contained in Paragraphs 1 through 62 which are incorporated herein by reference.

64. Admitted.

65. Admitted.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

WHEREFORE, Defendant, Forrest Shadle demands judgment in his favor and against Plaintiff together with costs, disbursements and counsel fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitation.

### THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over some or all of the claims contained in Plaintiff's Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the immunities and defenses available pursuant to the Pennsylvania Political Sub-Division Tort Claims Act which are incorporated herein by reference.

## FIFTH AFFIRMATIVE DEFENSE

At no time material hereto was Plaintiff deprived of any Constitutional Right by any act or failure to act by Defendant Shadle.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to accept alternative employment opportunities made available to her by the County.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was neither directly nor constructively forced into retirement.

## NINTH AFFIRMATIVE DEFENSE

At all times material hereto Plaintiff was afforded all of the rights, privileges and immunities guaranteed pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

## TENTH AFFIRMATIVE DEFENSE

Defendant Forrest Shadle is immune from all or part of the claim set forth in Plaintiff's Complaint or has qualified immunity with respect to such claims.

## ELEVENTH AFFIRMATIVE DEFENSE

At no time material hereto did Defendant Forrest Shadle act with malice nor did his conduct constitute willful conduct nor criminal activity.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered injuries or damages as alleged, the same was the result of persons or factors unrelated to the conduct of answering Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Defendant act in a willful, wanton and reckless and/or malicious manner.

## FOURTEENTH AFFIRMATIVE DEFENSE

At no time material hereto was any act or failure to act involving Plaintiff motivated by a discriminatory intent.

## FIFTEENTH AFFIRMATIVE DEFENSE

At no time material hereto was the Plaintiff subjected to conduct that was severe, outrageous or pervasive.

## SIXTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did Defendant act with any improper, discriminatory or retaliatory motive or animus.

WHEREFORE, Defendant, Forrest Shadle demands judgment in his favor and against Plaintiff together with costs, disbursements and counsel fees.

Respectfully submitted,

BY: _____
HUGH J. HUTCHISON, ESQUIRE
Attorney I.D. No.: 02384
1515 Market Street, 18th Fl.
Philadelphia, PA 19102-2068
(215) 567-1530
Attorney for Defendant Forrest Shadle

DATE 5/26/03

## CERTIFICATE OF SERVICE

I, Hugh J. Hutchison, Esquire, hereby certify that the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FORREST SHADLE TO PLAINTIFF'S COMPLAINT was served upon the following individual via first class mail, postage prepaid on the date indicated below:

> Edward M. Brennan, Esquire
> 306 Mahantongo Street
> Pottsville, PA 17901
>
> David J. MacMain, Esquire
> Montgomery, McCracken, Walker & Rhoads, LLP
> 123 South Broad Street
> Philadelphia, PA 19109

*[signature]*
Hugh J. Hutchison

Date: 3/25/03